UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BP ENERGY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2883-B |
| | § | |
| BRAD E. COX, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff BP Energy Company ("BP Energy")'s Motion to Remand (Doc. 20), Defendant Brad E. Cox's Motion to Dismiss (Doc. 17), and BP Energy's Motion to Strike (Doc. 47). For the following reasons, the Court **GRANTS** BP Energy's Motion to Remand, **GRANTS** BP Energy's Motion to Strike, and **DENIES AS MOOT** Cox's Motion to Dismiss. This case is **REMANDED** to the Business Court of the State of Texas, First Division.

I.

BACKGROUND

This is a breach of contract case. Cox owns MLCJR LLC ("MLCJR"), a well operator along the Gulf Coast. Doc. 1-5, Pet., ¶¶ 15, 19. Cox agreed to guarantee payment obligations that MLCJR owed BP Energy. *Id.* ¶ 1. But BP Energy alleges that Cox breached the parties' Guaranty Agreement by failing to cover MLCJR's obligations when MLCJR defaulted on its payments. *Id.* ¶¶ 7–8. BP Energy filed a state breach of contract action against Cox in Texas business court. *See generally id.* Cox removed the case to federal court, asserting that it falls within the Court's Federal Question jurisdiction. Doc. 1, Notice Removal, 3.

BP Energy moved to remand the case for lack of subject-matter jurisdiction on December 18, 2024. *See* Doc. 20, Mot. Remand. Cox moved for—and the Court granted—three extensions of time to respond to BP Energy's Motion. Doc. 24, Order; Doc. 28, Order; Doc. 30, Order. On February 3, Cox filed his first Response to BP Energy's Motion. Doc. 31, Def.'s Resp. The Court struck Cox's first Response because it exceeded the Local Rules' page limits. *See* Doc. 34, Order. The Court *sua sponte* provided leave for Cox to file another Response by February 11, 2025. Doc. 34, Order. Cox then filed a second response comprised of two documents: a "Response and Objection," and a "Brief." The "Response" is 20 pages long excluding the title page and certificate of service. *See* Doc. 44, Def.'s Resp. The "Brief" is 17 pages long excluding the title page, tables of contents and authorities, and certificate of service. *See* Doc. 45, Def.'s Br. BP Energy moved to strike Cox's Response. *See* Doc. 47. The Court considers the motions below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted).

## III.

## ANALYSIS

The Court **GRANTS** BP Energy's Motion to Strike, **GRANTS** BP Energy's Motion to Remand, and **DENIES AS MOOT** Cox's Motion to Dismiss.

A.   *The Court Strikes Cox's Response to the Motion to Remand.*

First, the Court grants BP Energy's Motion to Strike. A brief's "substance, rather than its form, governs the applicable page limit." *Nejati v. Royal Indem. Co.*, No. 3:06-CV-1027-M, 2008 WL 483496, at *4 (N.D. Tex. Feb. 19, 2008) (Lynn, J.). Thus, "a court is not bound by how a party labels its motion." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003). Under the Local Rules, a brief "sets forth the moving party's contentions of fact and/or law, and argument and authorities." N.D. TEX. L.R. 7.1(d). The document that Cox labeled as his "Response" contains eleven pages of recitations of law and nine pages of argument. Doc. 44, Def.'s Resp., 1–20. Cox's Brief also contains seventeen pages of law and argument. *See* Doc. 45, Def.'s Br., 1–17. The Court thus construes these separate filings as a combined brief that exceeds the Local Rule's page limit by twelve pages. *See* N.D. TEX. L.R. 7.2(c).

"Rather than attempting to choose which pages of [Cox's] filings to disregard," the Court finds it proper to strike both filings in their entirety. *See Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10744704, at *3 (S.D. Tex. Sept. 13, 2016); *see also United States v. Ferrand*, 284 F. App'x 177, 179 (5th Cir. 2008) (finding a district court did not err in striking the entirety of a *pro se* litigant's reply brief when it exceeded the page limit by nine pages). The Court has granted Cox multiple chances to file his Response properly. Cox received 34 days of extensions to file his Response after the Court had already granted Cox four extensions to file a 12(b)(6)

Motion. *See* Doc. 6, Order; Doc. 8, Order; Doc. 11, Order; Doc. 15, Order. When Cox filed his Response, it exceeded the page limits by five pages. *See* Doc. 31, Def.'s Resp. The Court struck the Response and provided additional time for Cox to file a Response that complied with the page limits in this District. *See* Doc. 34, Order. Cox then effectively filed a brief *twelve pages* over the page limit. He used two separate filings, seemingly attempting to avoid detection. And he did not seek leave to do so. *See* N.D. TEX. L.R. 7.2(c) (requiring the Court's permission to file excess pages); *see also McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2020 WL 5549153, at *5 (M.D. La. Sept. 16, 2020) ("Permission [to exceed the Local Rules' pages limits], therefore, should have been sought prior to the filing of Plaintiff's Motion to Strike."). The Court strikes both documents.

B.      *The Court Grants BP Energy's Motion to Remand.*

The Court now considers BP Energy's Motion to Remand without Cox's Response and grants BP Energy's Motion. Removing a case from state court to federal court requires a basis for subject-matter jurisdiction at the time of removal. *See Tobacco & Wine, Inc. v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791–92 (N.D. Tex. 2020) (Lindsay, J.) (citing 28 U.S.C. § 1441(a)). Cox removed this case under 28 U.S.C. § 1331, which provides federal district courts with "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." Doc. 1, Notice Removal, 3. Whether a court has federal question jurisdiction is determined based on "the allegations in the plaintiff's well-pleaded complaint at the time of removal." *Tobacco & Wine*, 456 F. Supp. 3d at 791–92 (citations omitted).

The fact that a state claim "may turn on a question of federal law" is not enough to sustain federal question jurisdiction. *Howery v. Allstate Ins.*, 243 F.3d 912, 917 (5th Cir. 2001). Instead, for a state claim to create federal question jurisdiction, it must contain a federal issue that is "(1)

necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This category of cases is "special and small." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Indeed, for the federal issue to be "substantial," it must be important "to the federal system as a whole." *Gunn*, 568 U.S. at 258.

BP Energy brought one claim against Cox: a state breach of contract claim. Doc. 1-5, Pet., ¶¶ 39–49. BP Energy claims that the parties' Guaranty Agreement required Cox to cover any debt that MLCJR failed to pay BP Energy. *Id.* ¶¶ 1, 5. BP Energy's sole claim rests on Cox's alleged failure to abide by the parties' Guaranty Agreement. *See id.* ¶¶ 39–49. Its Petition does not raise a federal issue or claim. *See generally id.* Thus, there is no federal question on the face of BP Energy's well-pleaded complaint. *See Tobacco & Wine*, 456 F. Supp. 3d at 791–92.

Cox argues that this breach of contract claim nevertheless arises under federal law because it necessarily raises a substantial federal issue. Doc. 1, Notice Removal, 3. Specifically, he contends BP Energy must "prov[e] matters 'arising under' the Commodity Exchange Act and rules promulgated thereunder by the Commodities Futures Trading Commission as an essential element of the breach of contract claim." *Id.* at 5 (internal footnote omitted). He provides various excerpts of the parties' agreements that refer to the Commodity Exchange Act. *See, e.g., id.* at 10, 11, 13, 19. But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Cox had the burden to demonstrate this case falls within the "special and small" category of cases to establish federal question jurisdiction. *See Settlement Funding*, 851 F.3d at 537. Claiming that the Commodity Exchange Act is "essential" to BP Energy's claim is not enough. Absent a showing that a federal issue

is not only necessary, but also actually disputed and substantial, and that this Court's exercise of jurisdiction will not disrupt the federal-state balance, the Court cannot exercise jurisdiction over this case. *See Gunn*, 568 U.S. at 258; *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) ("[Because removal raises significant federalism concerns, . . . any doubt about the propriety of removal must be resolved in favor of remand."). Cox has failed to meet his burden. Accordingly, the Court grants BP Energy's Motion to Remand. Because the Court has granted BP Energy's Motion to Remand, the Court denies as moot BP Energy's Motion to Dismiss.

Lastly, in its Reply, BP Energy requests fees and costs associated with Cox's removal, arguing that removal was unreasonable. *See* Doc. 50, Pl.'s Reply, 10. Because BP Energy first raised this argument in its reply, the Court will not address it here. *See Allen v. Hays*, 65 F.4th 736, 751–52 (5th Cir. 2023).

## IV.

## CONCLUSION

For the foregoing reasons, BP Energy's Motion to Remand (Doc. 20) and Motion to Strike (Doc. 47) are **GRANTED**. This case is **REMANDED** to the Business Court of the State of Texas, First Division. Accordingly, Cox's Motion to Dismiss (Doc. 17) is **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED: February 25, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE